IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNMARIE M. EDWARDS,

    Plaintiff,

v.                                                  CV 14-571 JB/WPL

BOARD OF EDUCATION FOR THE
LAS CRUCES PUBLIC SCHOOLS,

    Defendant.

### ORDER DENYING APPOINTMENT OF COUNSEL

This matter is before me on Plaintiff Annmarie Edwards's motion for appointment of counsel. (Doc. 8.) Edwards has brought an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and N.M. STAT. ANN. § 28-1-4 (2014). (Doc. 1 Ex. 1.) "A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (citations omitted). Counsel may, however, be appointed in an employment discrimination proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, or through Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(1).

Edwards has not brought her complaint pursuant to 28 U.S.C. § 1915. As to Title VII of the Civil Rights Act of 1964, a "district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action." *Castner*, 979 F.2d at 1420. Such discretion is "extremely broad," yet the plaintiff must make certain affirmative showings: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious

allegations of discrimination. [A] fourth factor—the plaintiff's capacity to present the case without counsel—should be considered in close cases as an aid in exercising discretion." *Id.* at 1421.

With regard to the first affirmative showing, "the court should examine the plaintiff's ability to hire counsel and still meet his or her daily expenses." *Id.* at 1422. Edwards's motion states that she is unable to afford an attorney and that she is currently unemployed but is seeking employment. (Doc. 8.) Edwards has provided no evidence of whether she has any sources of income, such as unemployment compensation or social security, and she has provided no information about her assets and expenses. The assertion that Edwards is unemployed does not contain sufficient information for me to determine whether Edwards could hire counsel and continue to meet her daily expenses. As to her diligence in attempting to secure counsel, Edwards has not stated why the attorneys she contacted refused to represent her or whether she has attempted to secure counsel on a contingency basis, pro bono, or through a program providing free legal services.[1]

In finding that Edwards's motion does not make affirmative showings of the first two *Castner* requirements, I do not proceed to the merits of the allegations of discrimination at this time or to Edwards's ability to represent herself.

IT IS THEREFORE ORDERED that the motion is denied. I grant Edwards leave to amend her motion to appoint counsel to make affirmative showings of the *Castner* factors.

---

[1] Edwards's motion includes the following incomplete sentence: "But, I have been unable to find an attorney because:." I question whether Edwards submitted the full copy of her motion to the Court.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

                                              _____
                                              William P. Lynch
                                              United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

3