IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNMARIE M. EDWARDS,

      Plaintiff,

v.                                              CV 14-571 JB/WPL

BOARD OF EDUCATION FOR THE
LAS CRUCES PUBLIC SCHOOLS,

      Defendant.

**PROPROSED FINDINGS AND RECOMMENDED DISPOSITION**

Annmarie Edwards, a teacher for the Las Cruces Public Schools ("LCPS") during the 2013-2014 school year, brought a lawsuit against the Board of Education for the LCPS ("the Board") for various types of discrimination, harassment, a hostile work environment, and failure to reasonably accommodate a known disability under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (2012) ("ADA"). In a previous Proposed Findings and Recommended Disposition ("PFRD") based on a Motion for Summary Judgment and for Partial Dismissal by the Board, I recommended dismissal of all of Edwards's claims except for her claim for failure to accommodate a disability. (Doc. 23.) The Board now brings a Second Motion for Summary Judgment and in the Alternative, for Dismissal that seeks dismissal of Edwards's claim for failure to accommodate a disability. (Doc. 28.) Edwards filed a response thirty-three days later. (Doc. 32.) The Board did not file a reply and instead filed a Motion to Strike Edwards's response. (Doc. 33.) Edwards filed a response (Doc. 34), and the Board did not file a reply. Based on my review of the briefing, the record, and the relevant law, I recommend that the Court deny the Board's motion to strike and grant the Board's motion for summary judgment.

**FACTUAL BACKGROUND**

As I have already summarized the general factual background in my original PFRD, I do not repeat that information here. (Doc. 23.) That information is hereby incorporated into the present PFRD. However, I outline those undisputed material facts pertaining to Edwards's failure to reasonably accommodate a known disability claim.

Edwards notified the school principal, Fred Parker, that she had asthma and wanted an accommodation to avoid climbing playground stairs at recess time. Edwards did not provide a doctor's note regarding her asthma or state that the asthma was induced by stress. Edwards received an accommodation at the school so that she did not have to climb stairs.

While the Board states that no one with the school district was aware of any other disability (Doc. 29 at 4), Edwards asserts that "Principal Fred Parker was aware of my disability but he continued to treat me unfairly and with hostility" (Doc. 32 at 8).

No person within the Las Cruces Public Schools ever received a request for any accommodation based on an alleged disability other than for Edwards's asthma. No request for accommodation was denied.

**STANDARDS OF REVIEW**

Because Edwards proceeds pro se, I construe her pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "'failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements[.]'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935

F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## I.     Dismissal

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. Without weighing the evidence, the court must evaluate whether it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations omitted). In considering Rule 12(b)(6) motions, courts must look within the four corners of the complaint, accept all well-pleaded factual allegations as true, and determine if the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the complaint need not include "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The factual allegations must also suffice to "inform the defendants of the actual grounds of the claim against them," with the degree of specificity required depending on the nature of the complaint. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

## II.    Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of

evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* A mere "scintilla" of evidence is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmovant. *Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

In a case such as this, where the burden of persuasion at trial would be on the nonmovant, the movant can meet Rule 56's burden of production by either (1) providing affirmative evidence negating an essential element of the nonmovant's claim or (2) showing the Court that the nonmovant's evidence is insufficient to demonstrate an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 331. Evidence provided by either the movant or the nonmovant need not be submitted "in a form that would be admissible at trial." *Id.* at 324. Rather, the content of the evidence presented must be capable of being presented in an admissible form at trial. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). For example, parties may submit affidavits to support or oppose a motion for summary judgment, even though the affidavits constitute hearsay, provided that the information can be presented in an admissible form at trial, such as live testimony. *Trevizo*, 455 F.3d at 1160; *see* FED. R. CIV. P. 56(c)(4).

**DISCUSSION**

As a preliminary matter, I note that dispositive motions in this case were due, pursuant to Court order, by April 7, 2015. (Doc. 16.) The Board did not file its second motion for summary judgment until April 10, 2015. Ironically, the Board argues that the Court should strike Edwards's response to the motion for summary judgment because it was untimely under the District's Local Rules. The Board also argues that the response should be stricken "due to the lack of any cogent argument." (Doc. 33 at 3.)

Although the Board filed its second motion for summary judgment after the deadline I provided, I have considered the motion and recommend that the Court do the same. Given Edwards's pro se status and the leniency I am according the Board in considering its second motion for summary judgment, I recommend that the Court decline to strike Edwards's response to the motion for summary judgment on the basis of untimeliness. Furthermore, while the Court may not construct arguments on Edwards's behalf, the Court must liberally construe Edwards's arguments and recognize her unfamiliarity with pleading requirements. *Garrett*, 425 F.3d at 840. As such, I recommend that the Court consider Edwards's response to the extent it is responsive to the motion for summary judgment.

The Board notes that the elements of an ADA claim vary depending on whether there is a disability discrimination claim or a failure to accommodate claim. The Board discusses frameworks from various circuits for addressing claims for failure to accommodate a disability. The Board then makes four specific arguments as to why Edwards has not met the requirements of an ADA claim for failure to accommodate: 1) lack of an adverse employment action, 2) failure to establish a disability under the ADA, 3) failure to provide notice of a disability or to request an accommodation, and 4) lack of a reasonable accommodation available.

In her response, Edwards repeats the allegations in her complaint. She also asserts that the Board did not provide her with documents in discovery beyond those that she already possessed. Finally, Edwards argues that "Defendant lied that he wasn't aware of [Edwards's] disability." (Doc. 32 at 5.) Edwards stated that the union representative for the elementary school reminded Parker that he could not deny her accommodation for her knees, which were bothering her. Edwards also noted that her stress levels went up numerous times and that she had a panic attack at work due to how she was treated.

The Tenth Circuit has adopted, in an unpublished decision, the Seventh Circuit's articulation of the requirements to establish a prima facie case for failure to accommodate a disability in accordance with the ADA. That is, "'a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability.'" *Allen v. Southcrest Hosp.*, 455 F. App'x 827, 830 n.2 (10th Cir. 2011) (unpublished) (quoting *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 747-48 (7th Cir. 2011)).

A qualified individual is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (2012). A person is "disabled" pursuant to the ADA if she has "(A) physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). With regard to (A), "'a plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more those activities.'" *Allen*, 455 F. App'x at 831 (quoting *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007)). Major life

activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

The Board does not contest that Edwards is a qualified individual. Rather, the Board argues that Edwards failed to establish a disability under the ADA. In particular, the Board contends that while Parker provided Edwards with an accommodation for her asthma "to protect her immediate health," such does not establish that Edwards was disabled or that she was regarded as disabled. (Doc. 29 at 14.) The Board asserts that Edwards did not provide any evidence that her asthma, depression, or agoraphobia substantially limit one or more of her major life activities. Edwards does not respond to the Board's argument that she has not shown a substantial limitation of one or more major life activities.

The Board is correct that Edwards did not identify one or more major life activities that were substantially limited by an impairment. While Edwards mentions that her stress level increased and that she had numerous panic attacks on the job, she does not point to a specific major life activity that was substantially limited. However, in her sworn complaint, Edwards stated that Parker said during a meeting with union representatives that Edwards was "emotionally unstable and he was concerned about [Edwards] returning to the classroom. Mr. Parker also told [Edwards] that he didn't know how someone like me could get a doctorate." (Doc. 1 Ex. 1 at 4); *see Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) ("[Plaintiff's] complaint was accompanied by a statement by [Plaintiff] made under penalty of perjury and thus may be treated as an affidavit.").

> In order to show that an employer regarded an employee as being disabled, the plaintiff must show that the defendant employer believed that she suffered from a physical or mental impairment that substantially impaired her ability to work. It is not

>   enough, however, for such a plaintiff to prove that the defendant believed that her impairment limited her ability to do a particular job. Rather, she must show that the defendant thought that her impairment was serious enough to affect her ability to perform a class or range of jobs.

*Kotwica*, 637 F.3d at 749 (citations omitted). Construing the facts in the light most favorable to Edwards, there is a genuine dispute over whether Parker regarded Edwards as mentally disabled. Given this proposed finding, there is also a genuine dispute over whether Edwards's employer was aware of a disability.

However, with respect to the third prong of a prima facie case for failure to accommodate—that the employer failed to reasonably accommodate the disability—Edwards "carries the burden of demonstrating the existence of a facially reasonable accommodation." *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1264 (10th Cir. 2009) (citation omitted). "If a plaintiff clears that initial hurdle, the burden shifts to her employer to show its inability to provide the requested accommodation." *Id.* (citation omitted). In *Hennagir*, the court found that the three proposed accommodations were not facially reasonable. *Id.* Similarly, in *Rhodes v. Southern Nazarene University*, 554 F. App'x 685, 691 (10th Cir. 2014) (unpublished), the court found that Rhodes's university accommodated Rhodes's requests to the extent they were reasonable, and that other requests were not facially reasonable.

In the present case, Edwards has failed to show, or even allege, that she requested an accommodation for anything other than her asthma. Nor has Edwards identified at this juncture accommodations she desired. As noted, Parker accommodated Edwards's request regarding her asthma. Parker's affidavit reflects that he is not aware of Edwards requesting another accommodation for her asthma or for any other possible disability—whether for depression, agoraphobia, knee problems, etc. (Doc. 29 Ex. 1.) Edwards does not controvert Parker's statement. As such, I recommend that the Court find that Edwards failed to establish a prima

facie case of failure to reasonably accommodate a known disability because she has not shown that she requested an accommodation—beyond that which she previously requested for her asthma—for a disability.

## CONCLUSION

In accordance with the proposed findings above, I recommend that the Court deny the Board's motion to strike, grant the Board's Second Motion for Summary Judgment, and dismiss with prejudice Edwards's claim for failure to reasonably accommodate a known disability.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.