IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNMARIE M. EDWARDS,

       Plaintiff,

v.                                                                           No. CIV 14-0571 JB/WPL

BOARD OF EDUCATION FOR THE
LAS CRUCES PUBLIC SCHOOLS,

       Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND DENYING IN PART THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

     **THIS MATTER** comes before the Court on: (i) the Defendant's Second Motion for Summary Judgment and in the Alternative, for Dismissal, filed April 10, 2015 (Doc. 28)("SJ Motion"); (ii) the Defendant's Motion and Memorandum Brief to Strike Plaintiff's Answer to Defendant's Second Motion for Summary Judgment and in the Alternative, for Dismissal, filed July 15, 2015 (Doc. 33)("Motion to Strike"); (iii) the Honorable William P. Lynch, United States Magistrate Judge's Second Proposed Findings and Recommended Disposition, filed August 11, 2015 (Doc. 36)("Second PFRD"); and (iv) the Plaintiff's objections to Judge Lynch's Second PFRD, see Plaintiff Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 24, 2015 (Doc. 37)("First Objection"); Plaintiff Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 24, 2015 (Doc. 38)("Second Objection"); Plaintiff Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 24, 2015 (Doc. 39)("Third Objection")(collectively, the "Objections").  In her Objections, Plaintiff Annmarie M. Edwards has included new information concerning her claim that was not provided to Judge Lynch.

Because of this new information, the Court disagrees with Judge Lynch's conclusions as to the SJ Motion, and the Court will sustain the Objections to Judge Lynch's rulings on the Second PFRD and not adopt the Second PFRD as it relates to that motion.  The Court will, however, adopt the Second PFRD's recommendation to deny Defendant Board of Education for the Las Cruces Public School's Motion to Strike.

## FACTUAL BACKGROUND

Judge Lynch's original Proposed Findings and Recommended Disposition, filed November 18, 2014 (Doc. 23), thoroughly laid out the relevant factual and procedural background.  The Court will not repeat that background here.

## PROCEDURAL BACKGROUND

After Judge Lynch entered his first PFRD on November 18, 2014, the Las Cruces Schools filed two motions: (i) the SJ Motion on Edwards' remaining claim of failure to accommodate a known disability under the Americans with Disabilities Act, 42 U.S.C. §§ 12201-12213, on April 10, 2015; and (ii) a Motion to Strike Plaintiff's Answer to Defendat [sic] Second Motion for Summary Judgment and in the Alternative, for Dismissal, filed July 13, 2015 (Doc. 32).

Judge Lynch considered the motions in his Second PFRD, and recommended granting the SJ Motion and dismissing the case with prejudice, because he concluded that Edwards failed to satisfy her burden on the third prong of the prima facie case for failure to accommodate her mental disabilities.  See PFRD at 8-9.  Judge Lynch found genuine disputes as to prong one -- that Edwards is a qualified individual with a disability -- and prong two -- that Las Cruces Schools was aware of her disability.  However, as to prong three -- that the Las Cruces Schools failed to reasonably accommodate her mental disabilities -- Judge Lynch found that Edwards

failed to show or allege that she requested an accommodation for disabilities other than asthma. See PFRD at 8-9; Allen v. SouthCrest Hosp., 455 F. App'x 827, 830 n.2 (10th Cir. 2011)(unpublished)(listing the elements of the prima facie case for failure to accommodate under the ADA).

As for the Motion to Strike, the Las Cruces Schools argued that Edwards' response was both untimely under the District of New Mexico's Local Rules and unintelligible, but Judge Lynch concluded that Edwards' pro se status and the Las Cruces Schools' own untimeliness in filing its SJ Motion weighed in favor of denying the motion. See PFRD at 5.

Edwards, proceeding pro se, filed timely Objections to the Second PFRD. See First Objection at 1; Second Objection at 1; Third Objection at 1. She disputes two recommendations. Her first dispute relates to the first prong of the prima facie case. See First Objection at 2. She argues that new exhibits demonstrate that she has a disability -- even though Judge Lynch found a genuine dispute whether she was regarded as disabled. See First Objection at 2. Her second dispute relates the third prong of the prima facie case. See First Objection at 5. She argues that her new exhibits demonstrate that she requested reasonable accommodations for mental disabilities that the Las Cruces Schools denied. See First Objection at 5-8. The Las Cruces Schools did not file a response.

Most of Edwards' arguments rely on seven new exhibits that she included in her Objections. See First Objection; Second Objection. The Court has discretion whether to consider these new exhibits. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Henderson v. Echostar Comm's. Corp., 172 F. App'x 892, 895 (10th Cir. 2006)(unpublished)(finding no abuse of discretion in district court's refusal to consider additional evidence in plaintiff's objections to

Magistrate Judge's recommendation in ADA claim).[1]  Because Edwards proceeds pro se, and the exhibits are pertinent to her claim, the Court will consider the exhibits.

The Court will also consider this new evidence in light of Las Cruces Schools' less than forthcoming pleadings.  The Las Cruces Schools' statement of law in its brief in support of its SJ Motion contains no discussion of Tenth Circuit case law for the elements of the prima facie case, including what the Court understands to be an important case in the Tenth Circuit -- Allen v. SouthCrest Hospital, 455 F. App'x 827 (10th Cir. 2011).  In fact, the formulation of the law in the Second PFRD is at odds with Las Cruces Schools' formulation of the law in its brief. Moreover, the Las Cruces Schools' Civil Cover Sheet incorrectly states that Edwards did not make a jury demand, when in fact, she made the jury demand on the first page of her complaint. Compare Civil Complaint at 1, filed June 20, 2014 (Doc. 1-1), with Civil Cover Sheet at 1, filed June 20, 2014 (Doc. 1-3).  The Clerk's Office later corrected the docket to reflect Edwards' jury demand.  Finally, Las Cruces Schools did not file a response to Edwards' Objections.  The Court would think that Las Cruces Schools would file a response to address Edwards' new evidence

---

[1]Henderson v. Echostar Communications Corp. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Henderson v. Echostar Communications Corp. and Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

and Judge Lynch's contrary formulation of law in the Second PFRD, but Las Cruces Schools

chose not to enlighten the Court with contrary facts or law.

**LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a

recommended disposition.  <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must

promptly conduct the required proceedings when assigned, without the parties' consent, to

hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs

objections: "Within 14 days after being served with a copy of the recommended disposition, a

party may serve and file specific written objections to the proposed findings and

recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he

district judge must determine de novo any part of the magistrate judge's disposition that has

been properly objected to.  The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with

instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made.  A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may
> also receive further evidence or recommit the matter to the magistrate judge
> with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."

<u>United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and</u>

<u>Contents</u>, 73 F.3d 1057, 1059 (10th Cir. 1996)("<u>One Parcel</u>")(quotations omitted)(quoting

<u>Thomas v. Arn,</u> 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the

- 5 -

Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").   In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. § 631, in 1968.

1060.  The Supreme Court of the United States -- in the course of approving the United States

Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of
> review the district court should perform when no party objects to the magistrate's
> report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.
> R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p.
> 6162 (hereafter House Report).  There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration
> to the magistrate's report than the court considers appropriate.  Moreover, the
> Subcommittee that drafted and held hearings on the 1976 amendments had before
> it the guidelines of the Administrative Office of the United States Courts
> concerning the efficient use of magistrates.  Those guidelines recommended to the
> district courts that "[w]here a magistrate makes a finding or ruling on a motion or
> an issue, his determination should become that of the district court, unless specific
> objection is filed within a reasonable time."  See Jurisdiction of United States
> Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in
> Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st
> Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee
> also heard Judge Metzner of the Southern District of New York, the chairman of a
> Judicial Conference Committee on the administration of the magistrate system,
> testify that he personally followed that practice.  See id., at 11 ("If any objections
> come in, . . . I review [the record] and decide it.  If no objections come in, I
> merely sign the magistrate's order.").  The Judicial Conference of the United
> States, which supported the *de novo* standard of review eventually incorporated in
> § 636(b)(1)(C), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's
> adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress
> apparently assumed, therefore, that any party who was dissatisfied for any reason
> with the magistrate's report would file objections, and those objections would
> trigger district court review.  There is no indication that Congress, in enacting
> § 636(b)(1)(C), intended to require a district judge to review a magistrate's report
> to which no objections are filed.  It did not preclude treating the failure to object
> as a procedural default, waiving the right to further consideration of any sort.  We
> thus find nothing in the statute or the legislative history that convinces us that
> Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

 Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need

not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting

Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Circuit Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's

report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony."  Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."   Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient."  Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise."  Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.   The Tenth Circuit has explained that brief district court

orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly

erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at \*4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at \*3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at \*3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at \*4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at \*5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The

Court is reluctant to have no review at all if its name is going at the bottom of the order adopting

the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

I.      **THE COURT WILL OVERRULE IN PART AND SUSTAIN IN PART EDWARDS' OBJECTIONS TO THE LAS CRUCES SCHOOLS' STATEMENTS.**

One difficulty in reviewing Edwards' Objections is that she objects to statements from

both the Second PFRD and the Las Cruces Schools' Motion to Strike her Response without

providing citations or context to orient the Court.[3]  The Court will consider her responses to the

Las Cruces Schools' Motion to Strike only to the extent that her responses pertain to a

conclusion from Judge Lynch.

     A.      **THE COURT OVERRULES EDWARDS' OBJECTIONS REGARDING PRONG ONE -- WHETHER SHE IS A QUALIFIED INDIVIDUAL WITH A DISABILITY.**

To satisfy the first prong of the prima facie case, Edwards must show that "she is a

qualified individual with a disability." Allen v. SouthCrest Hosp., 455 F. App'x at 830 n.2

(quoting Kotwica v. Rose Packing Co., 637 F.3d 744, 747-48 (7th Cir. 2011)).  Because the Las

Cruces Schools did not dispute that Edwards was a qualified individual, Judge Lynch considered

only the second requirement in prong one, i.e., whether Edwards was disabled.  See Second

PFRD at 7.  A person is disabled pursuant to the ADA if she has: "(A) a physical or mental

impairment that substantially limits one or more major life activities of such individual; (B) a

record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §

12102(1) (2015). Judge Lynch found a genuine dispute as to subsection (C) and resolved this

---

     [3]Edwards includes three direct quotations from the Las Cruces Schools' Motion to Strike her Response in her Objections.  See First Objection at 3.

prong in Edwards' favor.  See Second PFRD at 8 ("[T]here is a genuine dispute over whether Parker regarded Edwards as mentally disabled.").

Nevertheless, in her Objections, Edwards argues that her new exhibits refute Judge Lynch's conclusion that she did not satisfy her burden on subsection (A).  See First Objection at 2, 6.  Judge Lynch's finding as to subsection (A), however, does not prejudice Edwards' case or affect further analysis, because she satisfies the first prong and ultimately proceeds past summary judgment.  The Court, therefore, overrules her objection to prong one.

**B.     THE COURT DOES NOT ADOPT THE SECOND PFRD REGARDING PRONG THREE -- WHETHER THE EMPLOYER FAILED TO REASONABLY ACCOMMODATE THE DISABILITY.**

To satisfy the third prong of the prima facie case, Edwards must show that "[her] employer failed to reasonably accommodate the disability." Allen v. SouthCrest Hosp., 455 F. App'x at 830 n.2 (quotations omitted).  She must first "demonstrat[e] the existence of a facially reasonable accommodation," after which "the burden shifts to her employer to show its inability to provide the requested accommodation."  Hennagir v. Utah Dep't of Corr., 587 F.3d 1255, 1264 (10th Cir. 2009)(citation omitted).   "Reasonable accommodations may include 'job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.'" Hennagir v. Utah Dep't of Corr., 587 F.3d at 1264 (quoting 42 U.S.C. § 12111(9)(B)).  However, "an employer is not required to accommodate a disabled worker by modifying or eliminating an essential function of the job." Hennagir v. Utah Dep't of Corr., 587 F.3d at 1264 (quoting Mathews v. Denver Post, 263 F.3d 1164, 1168–69 (10th Cir. 2001)).

Here, Edwards has two burdens under the third prong.  First, she must offer facts to refute

the Las Cruces Schools' contention -- which Hillrise Elementary School Principal Fred Parker's

affidavit supports, see Affidavit of Fred Parker ¶¶ 8-12, at 2, filed April 4, 2015 (Doc. 29-1) --

that she "failed to give the School District notice of any disability, except for the alleged asthma .

. ."  Defendant's Brief in Support of Second Motion for Summary Judgment and in the

Alternative, for Dismissal at 20, filed April 10, 2015 (Doc. 29)("SJ Brief").  Second, to satisfy

Hennagir v. Utah Dep't of Corrections, she must demonstrate that her requested accommodations

were reasonable.  See 587 F.3d at 1264.  Judge Lynch's analysis in his second PFRD stopped at

Edwards's first burden, because he found that she "failed to show, or even allege, that she

requested an accommodation for anything other than her asthma."  Second PFRD at 8.

In her Objections, Edwards offers new exhibits and related arguments to defeat summary

judgment.  She states: "The district had in its possession plaintiff's accommodation request noted

on the 504 form Exhibit J2b.  According to Plaintiff's accommodation, she needed more time to

meet deadline, exempt or avoid intense customer interaction and avoidance of conflict. Although

these accommodations were requested they were not granted."  First Objection at 3 (emphasis

omitted).[4]  Edwards also stated that she "met with [school human resources employee] Michal

May in January, 2014 and he reviewed my 504 plan with me."  First Objection at 3.

The first exhibit, Diagnosing Professional's Documentation of Disability, filed August

24, 2015 (Doc. 38)("Diagnosing Documentation"), appears to be a standard form supplied by the

Las Cruces Schools titled "American with Disabilities Act Diagnosing Professional's

---

[4]A 504 plan is named for Section 504 of the Rehabilitation Act of 1973, codified at
29 U.S.C. § 794(a), which prohibits entities and programs that receive federal funds from
discriminating against individuals with disabilities.  See generally Wisconsin Cmty. Servs., Inc.
v. City of Milwaukee, 465 F.3d 737, 746-48 (7th Cir. 2006)(discussing in detail the
Rehabilitation Act and its applicability to employees).

Documentation of Disability."   Second Objection at 5.   It requests that the employee's "diagnosing professional" list, among other things, accommodations related to specific medical diagnoses.  Second Objection at 5. Edwards's form contains four suggested accommodations: "(1) more time to meet deadlines; (2) exempt or avoid intense customer interaction; (3) avoidance of pungent smells; (4) avoidance of conflict."  Second Objection at 5.

In addition to the Diagnosing Documentation, Edwards also cites emails and affidavits that she believes demonstrate that she requested accommodations for her disabilities.   One exhibit, Affidavit of Bruce W. Hartman, filed August 24, 2015 (Doc. 38)("Hartman Affidavit"), is particularly relevant.  See Second Objection at 10-12.   It is an affidavit from National Education Association ("NEA") representative Bruce Hartman in which he states: "In a meeting with Fred Parker and the NEA representatives [Edwards] asked for accommodation for her asthma and mental issues.   The NEA and Fred suggested that she filled out a 504 plan for accommodations."  Second Objection at 10.  Hartman states that he then sent a follow-up email to school officials, including Parker, stating: "Annmarie Edwards at Hillrise Elementary would like to meet with you to develop a 504 plan.  She reports she has health issues that require accommodations for her to effectively perform her job responsibilities."  Second Objection at 11. Hartman's affidavit includes the entire email, which appears to have been sent to a total of five people. See Second Objection at 10.

Taken together, the exhibits demonstrate a genuine dispute about whether Edwards gave the Las Cruces Schools notice of her mental disabilities.  Edwards' Objections do not contain the date or method by which she gave the Diagnosing Documentation to the Las Cruces Schools. Her contention that she gave the Diagnosing Documentation to the Las Cruces Schools, along with Hartman's Affidavit -- and in particular Hartman's email to multiple school officials

mentioning "health issues" and "accommodations" in the plural form -- contradicts Parker's assertion that he had been told only about Edwards' asthma. See Parker Aff. ¶ 8, at 2 ("At no time during her employment as a teacher did Plaintiff, or anyone on her behalf, inform me or place me on notice, verbally or in writing, that she had a disability or any limitations on her ability to teach or perform any of the duties or responsibilities as a teacher at Hillrise Elementary School, except for asthma.")

As for Edwards' second burden in this case under Hennagir v. Utah Dep't of Corrections -- that her requested accommodations were reasonable -- Edwards cites exhibits but offers no supporting arguments. That is, when refuting the Las Cruces Schools' contention that "there is no reasonable accommodation even possible in this matter" First Objection at 3, Edwards responds: "See Exhibit J2b, J3c, J4d, J5e and J6g." First Objection at 3 (emphasis omitted). Whether Edwards has carried this second burden depends in part on how the Court applies the liberal construction standard for pro se litigants. See Weinbaum v. City of Las Cruces, 541 F.3d 1017, 1029 (10th Cir. 2008)(citation omitted). Although the Court will not serve as Edwards' advocate, the Court is familiar with the exhibits and can infer Edwards' arguments with minimal difficulty.

Although Edwards cites five exhibits, the Diagnosing Documentation satisfies her burden under Hennagir v. Utah Dep't of Corrections and shows that Edwards demonstrated the existence of a facially reasonable accommodation for her mental disabilities. At least one suggested accommodation in the Diagnosing Documentation -- "(1) more time to meet deadlines" -- likely fits within the ADA's "appropriate adjustment or modification of . . . policies" language without creating undue hardship on the Las Cruces Schools. 42 U.S.C. § 12111(9)(B). See 29 C.F.R. § 1630.2(o)(2)(ii) (2012). For instance, the Las Cruces Schools could have told Edwards about

upcoming deadlines as soon as the deadlines were made official, rather than waiting to tell Edwards with the rest of the staff at a weekly or bi-monthly staff meeting.  Moreover, this accommodation would not have "modif[ied] or eliminate[ed] an essential function of the job." Hennagir v. Utah Dep't of Corr., 587 F.3d at 1265 (citation omitted).  Admittedly, the Court has limited knowledge about deadline scheduling and an elementary school teacher's essential job functions, but Edwards' pro se status and the Las Cruces Schools' failure to educate the court as to why it could not, or should not, provide the four requested accommodations weighs in Edwards' favor.

Given that Edwards has met her burden, the burden shifts to the Las Cruces Schools to demonstrate that it was unable to provide the requested accommodations.  Hennagir v. Utah Dep't of Corr., 587 F.3d at 1264.  As noted, the Las Cruces Schools failed to respond to Edwards' Objections and in particular the four accommodations that the Diagnosing Documentation requested.  The Las Cruces Schools addressed, however, accommodations prospectively in its SJ Motion, stating: "Even assuming Plaintiff had a qualifying disability under the ADA, provided notice, and requested a reasonable accommodation, the School District remains under no obligation to create a stress-free work environment."  SJ Brief at 23.  The Court cannot agree with the Las Cruces Schools' prospective summary of Edwards' claim in light of Edwards' new exhibits. Moreover, the Las Cruces Schools does not explain how the four requested accommodations can be distilled and trivialized into a request for a stress-free environment.  The Las Cruces Schools therefore has not carried its burden.

## II.      THE COURT WILL DENY THE MOTION TO STRIKE.

The Las Cruces Schools did not object to Judge Lynch's recommendation that the Court deny the Las Cruces Schools' Motion to Strike.  See Second PFRD ("I recommend that the Court

consider Edwards's response to the extent it is responsive to the motion for summary judgment."). The Court will adopt Judge Lynch's recommendation. On the issue, the Second PFRD is not "clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.). In conclusion, Edwards timely objected to the PFRD. The Court has reviewed de novo the portions of the PFRD to which Edwards objects, and the Court will deny the Second PFRD as to the SJ Motion and adopt the Second PFRD as to the Motion to Strike.

IT IS ORDERED that: (i) the Honorable William P. Lynch, United States Magistrate Judge's recommendation in his Proposed Findings and Recommended Disposition, filed August 11, 2015 (Doc. 36), is not adopted as to the Defendant's Second Motion for Summary Judgment and in the Alternative, for Dismissal, filed April 10, 2015 (Doc. 28)("SJ Motion"), and adopted as to the Defendant's Motion and Memorandum Brief to Strike Plaintiff's Answer to Defendant's Second Motion for Summary Judgment and in the Alternative, for Dismissal, filed July 15, 2015 (Doc. 33)("Motion to Strike"); (ii) the Defendants' SJ Motion is denied; (iii) the Defendants' Motion to Strike is denied; and (iv) the Court will proceed with scheduling a jury trial on the remaining claim of failure to accommodate a known disability under the Americans with Disabilities Act, 42 U.S.C. §§ 12201-12213.

_____
UNITED STATES DISTRICT JUDGE

- 19 -

*Parties and counsel*:

Annmarie Edwards
Henderson, Nevada

      *Plaintiff pro se*

Andrew M. Sanchez, Sr.
Cuddy & McCarthy, LLP
Albuquerque, New Mexico

      *Attorneys for the Defendant*